William Dressler and Esther Dressler v. Commissioner.
Dressler v. Commissioner
Docket Nos. 44235, 44236.
United States Tax Court
T.C. Memo 1954-184; 1954 Tax Ct. Memo LEXIS 62; 13 T.C.M. (CCH) 1004; T.C.M. (RIA) 54290; October 28, 1954, Filed *62 Charles L. Claunch, Esq., for the petitioners. Frederick T. Carney, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in income tax against the petitioners of $619.62 for the taxable year 1949 and $569.46 for the taxable year 1950. Through agreement of the parties, and concessions made on brief by petitioner, the controversy involves two issues: (a) Was the respondent in error in reducing petitioners' claimed deduction from gross income of ordinary and necessary business expense from $11,416.40 to $7,039 for the year 1949, and from $10,395.35 to $7,060.58 for the year 1950, and (b) in refusing to allow as a business expense deduction in each of said years any amount representing entertainment expense? The cases have been consolidated for hearing and opinion. Petitioners, husband and wife, maintained during the taxable years 1949 and 1950 a residence in Chattanooga, Tennessee, and filed their joint income tax returns for said years with the collector of internal revenue for the district of Tennessee. For convenience, the term "petitioner" as hereinafter used refers to the husband, William Dressler. *63 Petitioner is a traveling salesman who sold at wholesale the costume jewelry of various manufacturers to retail outlets such as department stores, specialty stores, jewelry stores and gift shops. He represented during the years involved a New York manufacturer of costume jewelry over a territory consisting of the states of Virginia, North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Mississippi, Louisiana, Texas, Oklahoma, Arkansas and Kentucky. In his income tax return for 1949, petitioner listed expense deductions from gross income of $11,416.40, among which deductions were included traveling expenses of $8,300 and entertainment of $625. In his return for the year 1950, petitioner claimed an expense deduction from gross income of $10,395.35. Included in said amount were entertainment expenses of $615.50 and traveling expenses of $7,525. For both of said years, respondent disallowed any amount representing entertainment expense, and also adjusted the traveling expense listed for each year by computing allowances based on a lesser number of days of travel and at a lesser cost per day for meals thcan now claimed by petitioner, although neither the number of days *64 of travel nor the cost of meals per day was specifically listed by him in his returns. For 1949 the respondent determined that petitioner traveled and purchased meals 278 days; for 1950 he determined that petitioner traveled and purchased meals 283 days. Petitioner contends that he traveled and purchased meals 286 days during 1949 and 310 days during 1950. Respondent allowed $5 per day for each of the years involved as the reasonable cost of such meals. Petitioner insists on brief that the reasonable cost of such meals was at least $8 per day. With respect to entertainment expense, respondent has refused to allow any amount as a deduction because of the lack of substantiation of such expenses by petitioner. Petitioner, admitting that he has no records of entertainment expenses, nevertheless insists that under , he is entitled to an allowance of at least $8 per day for each day of travel. Both parties to this controversy have resorted to estimations with respect to all factors involved in arriving at reasonable and necessary business expenses for meals and entertainment. There is no dispute with respect to the fact that petitioner *65 had and incurred as necessary business expenses both types of expense. The controversy relates only to the amount. One seeking a deduction must bring himself squarely within the provisions of the statute authorizing such deduction. . Petitioner has failed to sustain the burden of proof imposed upon him with respect to the number of days of his business travel and the amount of the expenses here involved. He does not claim to have kept a record during 1949 and 1950 as to either of those factors. He did, however, retain and now has his hotel bills for each year and has arrived at the number of days of business travel here claimed by reference thereto. He has no independent knowledge with respect to that factor and relies solely upon the hotel records so kept and retained, yet he has failed to offer in evidence any of such records. We, therefore, find that there is no basis upon which to disturb the Commissioner's determination that petitioner was traveling for a business purpose 278 days in 1949 and 283 days in 1950. Petitioner also failed to keep any records with respect to the cost of his meals in either year. Respondent, *66 in arriving at the figure of $5 per day as the cost of such meals, has, we think, attempted to use a figure which would apply to the average person engaged in business travel. However, it is apparent from the testimony of petitioner that his expense may not be measured on that basis. The success of his business and the amount of his income depended to a large degree upon his social relationship and acquaintance with the buyers of the concerns with which he did business. Nearly all of the buyers were women, and we think it is fair to conclude from this record that among wholesale costume jewelry salesmen the competition with respect to their acquaintance and friendship with said buyers was extreme. It was necessary that petitioner nearly every day entertain the women buyers and in so doing purchase meals for them at the better-class and more expensive eating establishments. Necessarily, therefore, petitioner's personal meal expense must be determined in the light of that background. In his instance, the additional expense of such meals was ordinary and necessary. We, therefore, find that the ordinary and necessary cost of petitioner's meals for each day of his business travel during *67 each of the years here involved was $8 per day. With respect to petitioner's entertainment expenses, there appears to be no dispute as to the fact that he incurred such expenses or that they were ordinary and necessary in his business. Respondent has allowed him no amount with respect to such expenses, however, because of a lack of any substantiation thereof. It is true that petitioner kept no record of his entertainment expense. He but makes an estimation with respect thereto based upon the years 1951 and 1952, during which latter years such records were kept. He testifies that the expenses for all four years were substantially the same. However, on brief, petitioner asks no more with respect to entertainment expense than an application of the principles enunciated in For the reason that he has given us no competent evidence upon which to determine the amount of his entertainment expenses for either year, and in view of the fact that no other factor with relation thereto is in dispute, we find after consideration of the entire record, and bearing most heavily upon petitioner for his failure to introduce such evidence, that his entertainment *68 expense for each year here involved was $300. Decisions will be entered under Rule 50.